930 F.2d 24
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles E. RENEER, Plaintiff-Appellant,
v.
Wayne C. DUNN, Defendant-Appellee.
 No. 91-5018.
 United States Court of Appeals, Sixth Circuit.
 April 15, 1991.
 
 Before MERRITT, Chief Judge, and KENNEDY and NATHANIEL R. JONES, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the brief of appellant and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff filed a civil rights complaint naming Wayne C. Dunn as the defendant on the face of the document but also naming the Department of Corrections in its body. The plaintiff sought money damages alleging that after he was sentenced the prison neglected his health, did not meet his legal needs and denied him programs provided in prison. The district court entered an order advising the plaintiff that the allegations failed to state a claim, that the complaint was subject to dismissal without specific facts and that amendment of the complaint in order to state a cognizable claim would be allowed. The plaintiff submitted medical reports which reflected medical treatment he received in December of 1987 and January of 1988. The defendant filed a motion to dismiss the defendants. The plaintiff responded.
 
 
 3
 On December 17, 1990, the district court dismissed the complaint on the basis that Dunn, the Commissioner of Adult Institutions for the Corrections Cabinet, was being sued in his official capacity for money damages and such is barred by eleventh amendment immunity. Cowan v. University of Louisville School of Medicine, 900 F.2d 936, 940-41 (6th Cir.1990). In addition, the other defendant, the Corrections Cabinet, is an arm of the state and not a "person" within the meaning of who is a proper defendant under 42 U.S.C. Sec. 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2311-12 (1989). Plaintiff timely appealed.
 
 
 4
 In his appellate brief, plaintiff states that it is clear his constitutional rights were violated.
 
 
 5
 Based upon careful consideration of the record, this court has concluded that the district court properly dismissed plaintiff's 42 U.S.C. Sec. 1983 civil rights complaint. Accordingly, it is ORDERED that the decision of the district court is affirmed for the reasons stated in the district court's December 17, 1990, memorandum opinion. Rule 9(b)(5), Rules of the Sixth Circuit.